IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-03004-NYW

ANTHONY MIRANDA,

    Plaintiff,

v.

THOMAS LITTLE, WARDEN, C.S.P.,
JASON LENGERICH, WARDEN, B.V.C.F., and
JEFFREY LONG, WARDEN, S.C.F.,

    Defendants.

## ORDER

Magistrate Judge Nina Y. Wang

This matter comes before the court on:

(1) Plaintiff Anthony Miranda's ("Plaintiff" or "Mr. Miranda") motion for summary judgment against Defendants ("Motion for Summary Judgment" or "MSJ") [Doc. 45, filed September 9, 2021];

(2) Plaintiff's letter motion seeking a declaratory judgment against Defendants ("Motion for Declaratory Judgment") [Doc. 46, filed October 8, 2021]; and

(3) The supplemental letter requesting that the court grant Plaintiff's motion for summary judgment ("Letter") [Doc. 47, filed November 9, 2021] (collectively, the "Motions").

The court considers the Motion for Summary Judgment, Motion for Declaratory Judgment, and Letter pursuant to 28 U.S.C. § 636(c) and the Order of Reference dated June 15, 2021, [Doc. 31]. *See also* [Doc. 23; Doc. 28]. For the reasons explained herein, the Motions are **DENIED**.

## RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

Mr. Miranda is a prisoner in the custody of the Colorado Department of Corrections ("CDOC") and presently incarcerated at the Colorado State Penitentiary ("CSP") in Canon City, Colorado. [Doc. 1; Doc. 34]. He brings this action against Defendants Thomas Little, Jason Lengerich, and Jeff Long (collectively, "Defendants") in their official capacities as wardens of CSP, Buena Vista Correctional Facility ("BVCF"), and Sterling Correctional Facility ("SCF"), respectively, for their alleged violations of his constitutional rights while in CDOC custody. *See generally* [Doc. 18]. Specifically, Plaintiff alleges that he is subject to "unconstitutional segregation," whereby he is

> unnecessarily confined to his cell and forced to be in cuffs and shackles in every element of transport. Even to and from showers and recreation. Meals are served in cell. We are not allowed visits or participation in facility programs such as food order or pictures. Our property is deemed contraband and forced to be sent home. We are bound to tables and subject to attacks from inmates who escape their cuffs to commit assaults. We cannot participate in treatment or therapeutic communities or apply for community placement. This increases duration of confinement.

[*Id.* at 4]. Believing Defendants violated his constitutional rights, Plaintiff initiated this action *pro se* on October 5, 2020 by filing his Prisoner Complaint. *See generally* [Doc. 1]. On April 8, 2021, Plaintiff filed a Second Amended Complaint, which remains the operative pleading in this case. [Doc. 18]. Therein, Mr. Miranda asserts a single claim under 42 U.S.C. § 1983. [*Id.*].

The Honorable Gordon P. Gallagher issued an Order Drawing Case on April 15, 2021, and this action was assigned to the undersigned. [Doc. 19]. Upon the unanimous consent of the Parties, this action was referred to the undersigned for all purposes pursuant to 28 U.S.C. § 636(c). [Doc. 23; Doc. 28; Doc. 31].

On June 29, 2021, Defendants filed a Motion to Dismiss Plaintiff's Second Amended Complaint ("Motion to Dismiss"), seeking to dismiss the operative pleading for failure to state a claim. [Doc. 37]. On July 15, 2021, Mr. Miranda filed an Opposition to Defendant's Motion to

2

Dismiss ("Response") [Doc. 42], and a Motion to Appoint Counsel [Doc. 41]. On July 21, the court denied Plaintiff's Motion to Appoint Counsel. *See* [Doc. 43]. Defendants did not file a Reply in support of the Motion to Dismiss.

On September 9, 2021, Plaintiff filed the Motion for Summary Judgment against Defendants. [Doc. 45]. In the motion, Plaintiff seeks summary judgment primarily on the basis that Defendants did not file a Reply to the Motion to Dismiss. [*Id.* at 1]. Plaintiff argues that Defendants' "[f]ailure to [reply] constitutes the defendant's admission to violations of plaintiff's constitutional rights." [*Id.*]. Defendants have not filed a response to Plaintiff's Motion for Summary Judgment, and the time to do so has passed.

On October 8, 2021, Plaintiff filed the Motion for Declaratory Judgment, stating that he "has filed both a Motion to Contest and a Motion for Summary Judgment" and "[n]either controversy have been argued or contested by the defense," and therefore "anything not contested is a concession and should be ruled as such." [Doc. 46 at 1].[1] Plaintiff also requests that "an injunction be issued" related to CDOC's placing of inmates into segregated confinement. [*Id.*].

On November 9, Plaintiff filed the Letter in which he represents that he is "at a loss as to how to proceed." [Doc. 47 at 1]. Specifically, Plaintiff is "under the impression" that he has complied with "every procedure and provided the court with every document and motivation needed to present, plead and support [his] case." [*Id.*]. Plaintiff argues that Defendants "have offered no response" to Plaintiff's Motion for Summary Judgment, and thus "[t]he facts could not be disputed as show[n] by the defendants being unable to produce admissible evidence to support their defense." [*Id.*]. Further, Plaintiff asserts that "all motions filed by both parties should be

---

[1] While there is no "Motion to Contest" filed by Plaintiff on the court's docket, Plaintiff appears to be referring to his opposition to Defendants' Motion to Dismiss, which he filed on July 15, 2021. *See* [Doc. 42]. The court has not yet ruled on Defendants' Motion to Dismiss [Doc. 37].

admitted" and "since the plaintiff's motions are the only ones verifiable and uncontested, it seems that under law and case law the ruling should have gone in his (my) favor by now." [*Id.* at 2].[2]

## SUMMARY JUDGMENT STANDARD

A party may be entitled to summary judgment prior to trial if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "The moving party bears the initial burden of demonstrating, by reference to portions of pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, the absence of genuine issues of material fact." *Julien v. Milyard*, Civil Action No. 07-cv-02176-REB-KLM, 2008 WL 5663940, at *3 (D. Colo. Nov. 25, 2008), *report and recommendation adopted in part*, Civil Action No. 07-cv-02176-REB-KLM, 2009 WL 455284 (D. Colo. Feb. 23, 2009) (citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986)). Conclusory statements based merely on speculation, conjecture, or subjective belief are not competent summary judgment evidence. *See Bones v. Honeywell Int'l, Inc.,* 366 F.3d 869, 875 (10th Cir. 2004).

In Section 1983 cases, the plaintiff ordinarily bears the burden of proof on all elements of his case. *See Doe v. Bagan,* 41 F.3d 571, 573 (10th Cir. 1994) (stating that the plaintiffs bear the burden of proof regarding the essential elements of a Section 1983 claim); *see also Bomprezzi v. Hoffman*, Civil Action No. 13-cv-02085-CMA-NYW, 2015 WL 5173587, at *3 (D. Colo. Aug. 10, 2015), *report and recommendation adopted,* Civil Action No. 13-cv-02085-CMA-BNB, 2015 WL 5139229 (D. Colo. Sept. 2, 2015). Thus, "[w]hen, as here, the party moving for summary judgment has the burden of proof, the party must come forward with sufficient, competent

---

[2] As explained further below, because of the nature of a declaratory judgment and the remedy Plaintiff seeks—that is, a determination of what he perceives to be undisputed material facts regarding alleged violations of his rights to due process—I interpret Plaintiff's Motion for Declaratory Judgment and the Letter together as a supplemental motion for summary judgment.

evidence to establish each element of its claim or defense." *Davis v. Spezze*, 18-cv-00419-MSK-SKC, 2018 WL 5312879, at *2 (D. Colo. Oct. 25, 2018) (citing Fed. R. Civ. P. 56(c)(1)(A)); *Chen v. Am. Fam. Mut. Ins. Co.*, 12-cv-01942-REB-MJW, 2013 WL 4434370, at *1 (D. Colo. Aug. 15, 2013) ("A party who does not have the burden of proof at trial and seeks summary judgment must show the absence of a genuine fact issue."). "[O]nce the motion has been properly supported the burden shifts to the nonmovant to show, by tendering depositions, affidavits, and other competent evidence, that summary judgment is not proper." *Chen*, 2013 WL 4434370, at *1 (citing *Concrete Works of Colo., Inc. v. City and Cty. of Denver*, 36 F.3d 1513, 1518 (10th Cir. 1994)).

    The court cannot, however, grant a motion for summary judgment based solely on the nonmoving party's failure to respond and must consider the merits of the motion. *See Reed v. Bennett,* 312 F.3d 1190, 1194–95 (10th Cir. 2002) (holding that a district court cannot grant an unopposed motion for summary judgment unless the moving party has first met its burden of production and demonstrates it is legally entitled to judgment under Rule 56). When a party fails to respond to a motion for summary judgment, a district court can properly grant the motion only "if the motion demonstrates no genuine issue of material fact exists and the movant is entitled to judgment as a matter of law." *Id*. at 1196. The nonmoving party's failure to respond does "not relieve the court of its duty to make the specific determination required by Fed. R. Civ. P. 56(c)." *Id*. Accordingly, the court will rule on motions for summary judgment on the merits, and generally does not grant dispositive motions on procedural defaults alone. *See W. Ridge Group, L.L.C. v. First Tr. Co. Of Onaga*, 07-cv-01587-WYD-BNB, 2008 WL 2955818, at *2 (D. Colo. July 30, 2008) ("Even though the nonmoving party has failed to respond to the motion, the court must still determine whether the moving party has demonstrated the absence of any triable issue of fact and

5

entitlement to judgment as a matter of law.") (citing *Van Leeuwan v. Nuzzi*, 810 F. Supp. 1120, 1121–22 (D. Colo. 1993)).[3]

In reviewing the arguments made by Plaintiff in his various filings, this court is mindful that "[a] *pro se* litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers," including at summary judgment. *Hall v. Bellmon*, 935 F.2d 1106, 1110, n.3 (10th Cir. 1991) (citing *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972)). However, the court cannot be a *pro se* litigant's advocate. *Yang v. Archuleta*, 525 F.3d 925, 927 n. 1 (10th Cir. 2008); *see also Carney v. City & Cty. of Denver*, 534 F.3d 1269, 1276 (10th Cir. 2008) ("Although [o]ur summary judgment standard requires us to view the facts in the light most favorable to the non-moving party[,] it does not require us to make unreasonable inferences in favor of the non-moving party.") (quoting *Starr v. Downs,* 117 Fed. App'x. 64, 69 (10th Cir. 2004)).

**ANALYSIS**

**I.     Motion for Summary Judgment**

Mr. Miranda asserts a single claim under 42 U.S.C. § 1983 for violation of due process associated with his placement in segregated housing. *See* [Doc. 18]. In the Motion for Summary Judgment, Plaintiff chiefly asserts that he is entitled to summary judgment because Defendants did not file a reply to the Motion to Dismiss, which Plaintiff contends "constitutes the defendant's admission to violations of plaintiff's constitutional rights." *See* [Doc. 45 at 1 ("It is the defendant's

---

[3] These principles apply equally with respect to motions to dismiss—that is, "a district court may not grant a motion to dismiss for failure to state a claim 'merely because [a party] failed to file a response.'" *Issa v. Comp USA*, 354 F.3d 1174, 1177 (10th Cir. 2003) (quoting *Reed,* 312 F.3d at 1194). "Consequently, even if a [party] does not file a response to a motion to dismiss for failure to state a claim, the district court must still examine the allegations in the plaintiff's complaint and determine whether the plaintiff has stated a claim upon which relief can be granted." *Id.* at 1178.

responsibility to contest the plaintiff's opposition to defendant's motion to dismiss. Failure to do so constitutes the defendant's admission to violations of plaintiff's constitutional rights.")]. Plaintiff also advances the following arguments in support of his Motion for Summary Judgment:

- "Plaintiff was and has been unconstitutionally held in a special housing unit known as MCC/MCU in the Sterling Correctional Facility and Colorado State Penetentiary[4] after being denied due process."

- "Plaintiff was falsely accused of an attempt to introduce contraband without ever having been appropriately charged under D.O.C.'s COPD process."

- "In congruence with that failure to follow procedure plaintiff was never afforded his constitutional right to defend himself against those allegations."

- "Plaintiff has also been subjected to due process violations in other matters in which he was not afforded appropriate liberties to defend himself in prior COPD hearings."

- "Defendants later tried to intentionally mislead the court by misrepresenting plaintiff's claims and manipulating the court. Plaintiff's rights have been indefensibly violated, therefore defendant's have no logical, legal or ethical response for the court."

- "Summary judgment granted by the court would ensure plaintiff's return to previous status in general population as well as restoring his property that was declared contraband. All of which plaintiff was forced to send home. There would also be a block put on D.O.C.s ability to place other offenders in MCC/MCU without due process of COPD proceedings."

[Doc. 45 at 1–2].

Additionally, Plaintiff attaches two "supplemental exhibits" to the MSJ, which he argues "will further support the plaintiff's claim that DOC repeatedly and willingly violates prisoner's constitutional rights" as "[t]here is complete disregard because there is very little oversight and even less accountability." [*Id*. at 3]; *see also* [*id*. at 4–5]. Plaintiff's "Supplemental Exhibit 1" and "Supplemental Exhibit 2" are documents titled "Offender Grievance" which Plaintiff signed and

---

[4] Consistent with the principle of construing a pro se litigant's filings liberally, the court quotes from Mr. Miranda's filings without the use of [sic] or the correction of spelling or syntax.

7

dated August 3 and August 13, 2021, respectively. [*Id*. at 4–5]. In "Supplemental Exhibit 1," Plaintiff states, "I do not nor have not had contraband sent to me in the mail," he complains about his mail being "photocopied" and tested for contraband, and he requests that his mail be delivered to him "without unjustifiably being copied or otherwise rejected due to 'foreign substances.'" [*Id*. at 4]. The "Response" section of this exhibit states in relevant part as follows:

> We currently copy all incoming mail, excluding legal mail. The OIG has determined that CSP offenders are using the mail system to introduce contraband in correspondence; therefore, all CSP offenders will be subject to having all incoming non-restricted mail photocopied, with the copy delivered to the offender and the original correspondence destroyed.

[*Id*.]. In "Supplemental Exhibit 2," Plaintiff complains again about the photocopying of his mail and requests that his mail be "delivered as is or the opportunity to disposition the mail as per rejected mail." [*Id*. at 5]. Like Supplemental Exhibit 1, the "Response" section of Supplemental Exhibit 2 explains that "CSP Mailroom was given directives … to begin the process of photocopying all incoming mail and destroying the original through the office of the inspector and department policy." [*Id*.]. The response continues:

> This was done for safety and security of the facility and to potentially save lives. As a result of ongoing issues with dangerous contraband entering through the mail, it was imperative that we begin this process immediately. AR 300-38 allows for this measure to be implemented at any time without notification.

[*Id*.]. Accordingly, both of Plaintiff's grievances were denied. *See* [*id*. at 4–5].

***Defendants' Failure to Reply to Their Motion to Dismiss.*** Before turning to the merits of Plaintiff's Motion for Summary Judgment, the court will first address Plaintiff's chief argument that he is entitled to summary judgment solely based on Defendants' failure to reply to their Motion to Dismiss. *See* [Doc. 45 at 1 ("It is the defendant's responsibility to contest the plaintiff's opposition to defendant's motion to dismiss. Failure to do so constitutes the defendant's admission to violations of plaintiff's constitutional rights.")]. Plaintiff cites—and the court's review of

8

applicable case law has revealed—no authority to support the position that a defendant's failure to file a reply in support of his or her motion to dismiss constitutes an admission of the plaintiff's claims which, in turn, entitles the plaintiff to summary judgment.  To the contrary, the Local Rules of this District contemplate that a moving party *may* file a reply brief but is not required to do so. *See* D.C.COLO.LCivR 7.1(d) ("The moving party *may* file a reply no later than 14 days after the date of service of the response…") (emphasis added).  Further, nothing in the Local Rules "precludes a judicial officer from ruling on a motion at *any time* after it is filed," including before an opposing party responds to a motion.  *Id*. (emphasis added); *cf. also Hoffman*, 2015 WL 5173587, at *4 (The plaintiff's "failure to substantively respond to the summary judgment motion is not by itself grounds for entry of judgment in the moving party's favor").

Accordingly, Defendants' failure to reply to its own Motion to Dismiss the Second Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)—where the court must "accept as true all well-pleaded factual allegations … and view these allegations in the light most favorable to the plaintiff," *Casanova v. Ulibarri*, 595 F.3d 1120, 1124 (10th Cir. 2010) (citation omitted)—does not entitle Plaintiff to summary judgment against Defendants under Federal Rule of Civil Procedure 56.  *See Hoffman*, 2015 WL 5173587, at *4 (noting the non-moving party's "failure to substantively respond to the summary judgment motion is not by itself grounds for entry of judgment in the moving party's favor"); *see also* Fed. R. Civ. P. 56(a) (stating a party may be entitled to summary judgment prior to trial only if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law"); *cf. Hulsey v. Kmart, Inc.,* 43 F.3d 555, 557 (10th Cir. 1994) ("To avoid summary judgment, the nonmovant must make a showing sufficient to establish an inference of the existence of each element essential to the case." (citation omitted)).

***Plaintiff's Section 1983 Claim.*** "The Due Process Clause guarantees due process only when a person is to be deprived of life, liberty, or property." *Chambers v. Colo. Dep't of Corr.,* 205 F.3d 1237, 1242 (10th Cir. 2000) (citation omitted). Thus, a plaintiff must make two showings in order to proceed on a procedural due process claim. *See Bartell v. Aurora Public Schools,* 263 F.3d 1143, 1149 (10th Cir. 2001). First, he must show that he possesses a protected liberty interest. *See id.*; *see also Veile v. Martinson,* 258 F.3d 1180, 1184–85 (10th Cir. 2001). Second, he must show that the procedures used in addressing his liberty interest were inadequate under the circumstances. *See Bartell,* 263 F.3d at 1149.

Accordingly, to evaluate whether Mr. Miranda is entitled to summary judgment in his favor on his § 1983 claim, the court must first examine whether Mr. Miranda has sufficiently established that he possesses a protected liberty interest. "A liberty interest may arise from the Constitution itself, by reason of guarantees implicit in the word 'liberty,' … or it may arise from an expectation or interest created by state laws or policies." *Al-Turki v. Tomsic*, 926 F.3d 610, 614 (10th Cir. 2019) (quoting *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005)). "State policies or regulations will not create the basis for a liberty interest in the conditions of confinement so long as they do not 'impose[] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'" *Estate of DiMarco v. Wyoming Dep't of Corr.*, 473 F.3d 1334, 1339 (10th Cir. 2007) (brackets in original) (quoting *Sandin v. Conner*, 515 U.S. 472, 484 (1995)); *see also Penrod v. Zavaras,* 94 F.3d 1399, 1406 (10th Cir. 1996) ("the transfer of an inmate to a less amenable and more restrictive quarters for non-punitive reasons is well within the terms of confinement ordinarily contemplated by a prison sentence") (internal quotation marks and citation omitted). "When determining whether a placement decision involves an atypical and significant hardship, factors which the Court might consider include: (1) whether the segregation … furthers a legitimate

penological interest; (2) whether the conditions of the placement are extreme; (3) whether the placement increases the duration of confinement; and (4) whether the placement is indeterminate." *Hill v. Myers*, 18-cv-00909-RM-KLM, 2020 WL 3036068, at *9 (D. Colo. June 5, 2020) (citing *Estate of DiMarco*, 473 F.3d at 1342). This "assessment must be mindful of the primary management role of prison officials who should be free from second-guessing or micro-management from the federal courts." *Estate of DiMarco*, 473 F.3d at 1342.

As mentioned above, Plaintiff contends that he "was and has been unconstitutionally held in a special housing unit known as MCC/MCU in the Sterling Correctional Facility and Colorado State Penetentiary after being denied due process." [Doc. 45 at 1–2]. Apart from this assertion, however, Plaintiff provides no additional information regarding how his confinement imposed "atypical and significant hardship on the [him] in relation to the ordinary incidents of prison life." *See Estate of DiMarco*, 473 F.3d at 1339 (citation omitted). Indeed, Plaintiff fails to proffer evidence, for example, regarding the circumstances that led to his confinement in the MCC/MCU, including what misconduct he is alleged to have committed, who lodged such allegations against him, or what "due process" he was denied before his confinement in the MCC/MCU.

Plaintiff's remaining arguments fare no better. Plaintiff alleges he "was falsely accused of an attempt to introduce contraband without ever having been appropriately charged under D.O.C.'s COPD process" and "was never afforded his constitutional right to defend himself against those allegations." [Doc. 45 at 1–2]. Again, Plaintiff fails to submit evidence to allow the court to evaluate his claims, including, for example, whether the alleged false accusation relates to Plaintiff's confinement in the MCC/MCU or what contraband Plaintiff was accused of bringing into the CSP. Relatedly, Plaintiff fails to explain how the Supplemental Exhibits [Doc. 45 at 5–6] constitute evidence in support of his claims. Instead, Plaintiff states broadly that "[t]hese exhibits

will further support the plaintiff's claim that DOC repeatedly and willingly violates prisoner's constitutional rights." [*Id*. at 3]. The applicability of the "Supplemental Exhibits" is also unclear to the court particularly given that—despite Plaintiff's vague allegation in the Second Amended Complaint that "[o]ur property is deemed contraband and forced to be sent home," [Doc. 18 at 4]—each Supplemental Exhibit is dated *after* the operative Second Amended Complaint was filed. *Compare* [Doc. 18 (showing the Second Amended Complaint was filed April 8, 2021)] *with* [Doc. 45 at 5–6 (showing Plaintiff signed the Supplemental Exhibits on August 3, 2021 and August 13, 2021, respectively)].

Moreover, notwithstanding that Defendants have not responded to Plaintiff's Motion for Summary Judgment, Plaintiff fails to proffer evidence that negates any genuine issue of material fact reflected in the "Response" sections that are *already contained in* the Supplemental Exhibits. Indeed, those sections explain that the CSP had begun photocopying "all incoming mail, excluding legal mail" because CSP learned that offenders were "using the mail system to introduce contraband in correspondence," that such measures were taken "for the safety and security of the facility and to potentially save lives," and "AR 300-38 allows for this measure to be implemented at any time without notification." [Doc. 45 at 4–5]. Plaintiff does not even attempt to explain how, if at all, the CSP's response to his grievances violated his due process rights.

And while Plaintiff vaguely references "D.O.C.'s COPD process" as the basis for the creation of a constitutionally protected right, *see, e.g.*, [Doc. 45-1], Plaintiff does not identify what specific "process" or policy he claims Defendants violated. Even if Plaintiff had specified such a process, policy, or regulation mandating that certain actions be taken with respect to Plaintiff,[5] that would make no difference here because such mandates "will not be the basis for the creation of a

---

[5] Such as, for instance, "AR 300-38." *See* [Doc. 45 at 5].

constitutionally protected right." *See Julien v. Milyard*, 2008 WL 5663940, at *4 ("[M]andatory language contained in a statute or regulation will not be the basis for the creation of a constitutionally protected right.") (citing *Sandin*, 515 U.S. at 483 ("[W]e believe that the search for a negative implication from mandatory language in prisoner regulations has strayed from the real concerns undergirding the liberty protected by the Due Process Clause.")).

Moreover, Plaintiff states he "has also been subjected to due process violations *in other matters*," and yet he fails to identify what those "other matters" entailed. *See* [Doc. 45 at 1 (emphasis added)]. Likewise, Plaintiff does not provide any support for his assertion that "Defendants tried to intentionally mislead the court by misrepresenting plaintiff's claims and manipulating the court." [*Id*. at 2]. Without more, Plaintiff's assertions in the Motion for Summary Judgment amount to no more than "[u]nsubstantiated allegations" which "carry no probative weight in summary judgment proceedings." *See Honeywell,* 366 F.3d at 875. Thus, Mr. Miranda, as the moving party, cannot meet his burden to "come forward with sufficient, competent evidence to establish each element of [his] claim or defense." *See Spezze*, 2018 WL 5312879, at *2.[6] Accordingly, Plaintiff's Motion for Summary Judgment is **DENIED.**

### II.  Motion for Declaratory Judgment and Letter

Under the Declaratory Judgment Act, 28 U.S.C. §§ 2201–2202, the court may enter a judgment declaring "the rights and other legal relations of any interested party seeking such declaration …" 28 U.S.C. § 2201; *see also* Fed. R. Civ. P. 57 ("These rules govern the procedure

---

[6] The court also notes that Mr. Miranda's "facts" in the Motion for Summary Judgment differ at times from his allegations in the Second Amended Complaint. *Compare generally* [Doc. 26] *with* [Doc. 45]. The court's analysis of these differences is unnecessary, however, because regardless of any similarities or differences between the MSJ and the Second Amended Complaint, Plaintiff fails to meet his burden under Federal Rule of Civil Procedure 56 to establish the essential elements of his claims to warrant summary judgment.

13

for obtaining a declaratory judgment under 28 U.S.C. §2201."). As the Advisory Committee noted in promulgating Federal Rule of Civil Procedure 57:

> A declaratory judgment is appropriate when it will 'terminate the controversy' giving rise to the proceeding. Inasmuch as it often involves only an issue of law on undisputed or relatively undisputed facts, it operates frequently as a summary proceeding, justifying docketing the case for early hearing as on a motion.

Fed. R. Civ. P. 57. Here, Mr. Miranda's Motion for Declaratory Judgment and the corresponding Letter request that the court grant Plaintiff's Motion for Summary Judgment solely based on Defendants' failure to respond to the same. *See* [Doc. 46; Doc. 47]. In other words, Mr. Miranda asks for a determination of what he perceives to be undisputed material facts—the alleged violations of his rights to due process. Thus, because of the nature of a declaratory judgment and the remedy Plaintiff seeks, I interpret Plaintiff's Motion for Declaratory Judgment and the Letter together as a supplemental motion for summary judgment. *Cf. Munroe v. CSAA Gen. Ins. Co.*, 18-cv-02450-JLK, 2019 WL 4014317, at *2 (D. Colo. Aug. 26, 2019) (interpreting the plaintiffs' motion for a declaratory judgment or, in the alternative, partial summary judgment—which sought "a determination of what they perceive[d] to be undisputed material facts" in the case—"as one exclusively for partial summary judgment" given "the nature of a declaratory judgment and the remedy" sought by the plaintiffs). [7]

---

[7] In the Motion for Declaratory Judgment, Plaintiff also states that granting his motion "will and should return plaintiff to CDOC's general population as well as removing this mark from his working file" and "CDOC should also be barred from placing any inmate in MCC/MCU in the future without proper due process through Formal Code of Penal Discipline Procedures." [Doc. 46 at 1]. Finally, Plaintiff requests that "an injunction be issued to ensure CDOC's compliance with the court's ruling." [*Id.*]. Insofar as Plaintiff's Motion for Declaratory Judgment should or could be construed as a motion for preliminary injunction, this court finds that Mr. Miranda has not met his burden for preliminary relief under Rule 65 of the Federal Rules of Civil Procedure which requires a showing of (1) a likelihood of success on the merits, (2) a threat of irreparable harm, which (3) outweighs any harm to the non-moving party, and that (4) the injunction would not adversely affect the public interest. *See, e.g., Awad v. Ziriax*, 670 F.3d 1111, 1125 (10th Cir. 2012). In addition, because Mr. Miranda seeks a preliminary injunction that would alter the status quo and require affirmative acts on the part of Defendants, such an injunction is typically

As explained above, the court cannot grant a motion for summary judgment based solely on the nonmoving party's failure to respond and must consider the merits of the motion. *See Reed v. Bennett,* 312 F.3d 1190, 1194–95 (10th Cir. 2002) (holding that a district court cannot grant an unopposed motion for summary judgment unless the moving party has first met its burden of production and demonstrates it is legally entitled to judgment under Rule 56). And as discussed above, Plaintiff fails to meet his burden under Federal Rule of Civil Procedure 56. *See supra* Section I. Thus, Plaintiff's request(s) in the Motion for Declaratory Judgment and the Letter— that the court grant Plaintiff's Motion for Summary Judgment—are, in turn, rendered moot. Accordingly, Plaintiff's Motion for Declaratory Judgment and the Letter are **DENIED**.

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED THAT:**

(1) Plaintiff's Motion for Summary Judgment [Doc. 45] is **DENIED**;

(2) Plaintiff's Motion for Declaratory Judgment [Doc. 46] is **DENIED**;

(3) Plaintiff's Letter requesting that the court grant Plaintiff's motion for summary judgment [Doc. 47] is **DENIED**; and

(4) A copy of this Order, marked as legal mail, shall be sent to the following:

> Anthony Miranda
> #121576
> Colorado State Penitentiary (CSP)
> PO Box 777
> Canon City, CO 81215-0777
>
> Case Manager for Anthony Miranda

---

disfavored and requires the satisfaction of a heightened burden. *See O Centro Espirita Beneficiente Uniao Do Vegetal v. Ashcroft*, 389 F.3d 973, 975 (10th Cir. 2004), *aff'd and remanded sub nom. Gonzales v. O Centro Espirita Beneficente Uniao do Vegetal*, 546 U.S. 418, 126 S. Ct. 1211, 163 L. Ed. 2d 1017 (2006). Under such a heightened burden, Mr. Miranda would have to make a "strong showing" of likelihood of success on the merits. Based on the record before the court as described above, this court concludes that Plaintiff has not met his heightened burden of a strong showing of likelihood of success on the merits, and accordingly, a preliminary injunction is unwarranted.

#121576
Colorado State Penitentiary (CSP)
PO Box 777
Canon City, CO 81215-0777

DATED: November 18, 2021                    BY THE COURT:

_____
Nina Y. Wang
United States Magistrate Judge